J-S66041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SCOTT KERNS, :
:
Appellant : No. 956 MDA 2014

Appeal from the PCRA Order entered on May 19, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0000371-2001

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 26, 2014**

Scott Kerns ("Kerns") appeals, *pro se*, from the Order denying his Motion to Have Defendant Reevaluated for Megan's Law Assessment ("Motion for Reassessment"). We affirm.

We addressed the relevant factual and procedural history in Kerns's appeal at No. 618 MDA 2014. Relevantly, in 2001, Kerns was sentenced to 7½ to 20 years in prison and was found to be a sexually violent predator. Kerns filed the Motion for Reassessment while his tenth PCRA Petition, considered in No. 618 MDA 2014, was under review. The trial court denied the Motion for Reassessment.

On appeal, Kerns raises the following questions for our review:

I. Whether [the trial court] erred by not ordering a reevaluation of the Megan's Law[1] assessment after it was proven that

---

[1] 42 Pa.C.S.A. § 9795.4 at the time of sentencing.

information that was used was false and lies from [Kerns's] ex-wife?

II. Did [the trial court] allow false statements proven to be lies to be used to make [Kerns] a [sexually violent predator]?

Brief for Appellant at 4.

Outside of a direct appeal challenging the evidence supporting a defendant's classification as a sexually violent predator, there is no mechanism for reassessment of the sexually violent predator determination. *See* 42 Pa.C.S.A. § 9799.24; *see also Commonwealth v. Lee*, 935 A.2d 865, 868 (Pa. 2007) (stating that "Megan's Law II does not contain a provision allowing for reassessment of a defendant found to be a sexually violent predator at any time after sentence is imposed….") (citation omitted). The Pennsylvania Supreme Court has held that even without a method of reassessment, the lifetime registration, notification, and counseling requirements of a sexually violent predator status are not unconstitutionally punitive. *See Lee*, 935 A.2d at 886. Because there is no mechanism for review, we need not address the merits of Kerns's claims. Thus, the trial court did not err in dismissing Kerns's Motion for Reassessment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014